FILED 75
Mr. J. Neil Nielsen, Commissioner Office of Administration State Capitol Building Jefferson City, Missouri 65101
Dear Mr. Nielsen:
This is in response to your request for an opinion of this office asking several questions about workmen's compensation insurance for state employees.
 I
Your first question reads as follows:
 Are the following state agencies or departments required by law to be self-insured for workmen's compensation purposes: Department of Mental Health, Division of Corrections, Division of Youth Services, Division of Probation and Parole, Federal Soldier's Home at St. James, and the National Guard on emergency duty?
Section 202.024, RSMo 1969, provides that the Division of Mental Health shall come under the Workmen's Compensation Law and that the state of Missouri shall be a self-insurer in workmen's compensation for the employees of the Division of Mental Health without insurance. In the Omnibus State Reorganization Act of 1974 (hereinafter referred to as Reorganization Act), the Division of Mental Health was transferred by type I to the Department of Mental Health. Section 9.3, Appendix B, RSMo Supp. 1975. Accordingly, Section 202.024 now applies to the Department of Mental Health and requires that the state of Missouri shall be a self-insurer in workmen's compensation for employees of the department without insurance.
Section 216.183(1), RSMo 1969, provides that the Department of Corrections shall come under the Workmen's Compensation Law and that the state of Missouri shall be a self-insurer for the employees of the department without insurance. In the Reorganization Act, the Department of Corrections was transferred by type II to the Department of Social Services and became the Division of Corrections within said department. Accordingly, Section 216.183 now applies to the Division of Corrections and requires that the state of Missouri shall be a self-insurer in workmen's compensation for employees of the division without insurance.
Section 219.030, RSMo 1969, assigned the State Board of Training Schools to the Division of Educational Institutions in the Department of Corrections; and Section 216.183(2), RSMo 1969, by granting authority to the Director of the State Board of Training Schools, along with others, to perform duties incidental to carrying out the purposes of this section, shows the intention of the legislature to include employees of the State Board of Training Schools as employees of the Department of Corrections for workmen's compensation purposes as set out in the first paragraph of this section. In the Reorganization Act, the State Board of Training Schools was transferred by type I to the Department of Social Services and became the Division of Youth Services within said department. Accordingly, Section 216.183 now applies to the Division of Youth Services and requires that the state of Missouri shall be a self-insurer in workmen's compensation for employees of the division without insurance.
Section 549.300, RSMo 1969, makes the Board of Probation and Parole a division of the Department of Corrections; and Section 216.183(2), RSMo 1969, by granting authority to the chairman of the Board of Probation and Parole, along with others, to perform duties incidental to carrying out the purposes of this section, shows the intention of the legislature to include employees of the Board of Probation and Parole as employees of the Department of Corrections for workmen's compensation purposes as set out in the first paragraph of this section. In the Reorganization Act, the Board of Probation and Parole was transferred by type II to the Department of Social Services. Accordingly, Section 216.183 now applies to the Board of Probation and Parole and requires that the board shall come under the Workmen's Compensation Act and that the state of Missouri shall be a self-insurer in workmen's compensation for employees of the board without insurance.
Your first question did not include the Division of Family Services. I presume that division was omitted through inadvertence as it is included in the statement of facts giving rise to the questions. Section 207.070, RSMo 1969, provides that the Division of Welfare of the Department of Public Health and Welfare shall come under the Workmen's Compensation Law and that the state of Missouri shall be a self-insurer for the employees of the division without insurance. In the Reorganization Act, the Division of Welfare was transferred by type I to the Department of Social Services and became the Division of Family Services within said department. Accordingly, Section 207.070 now applies to the Division of Family Services and requires that the state of Missouri shall be a self-insurer in workmen's compensation for employees of the division without insurance.
Section 207.010, RSMo 1969, provides that the Board of Trustees of the Federal Soldiers' Home and the home shall be a part of the Division of Welfare. Therefore, the employees of the Federal Soldiers' Home are included as employees of the Division of Welfare for workmen's compensation purposes as set out in Section 207.070, RSMo 1969. In the Reorganization Act, the Federal Soldiers' Home was transferred by type I to the Division of Veterans Affairs, then created, in the Department of Social Services. Accordingly, Section 207.070 now applies to the Federal Soldiers' Home and requires that the state of Missouri shall be a self-insurer in workmen's compensation for employees of the home without insurance.
As to the National Guard, Section 41.900, RSMo 1969, places members of the Missouri Organized Militia under workmen's compensation when ordered to active state duty by the Governor and gives the state of Missouri the option to become a self-insurer or to purchase insurance; and Section 41.910, RSMo 1969, gives the Adjutant General the right to exercise the option. In 1967, the Adjutant General elected to self-insure.
The question then remains as to what effect Sections 105.810,105.820, and 105.830, RSMo 1969, have on the requirements for self-insurance for employees of the Department of Mental Health, Division of Corrections, Division of Youth Services, Division of Probation and Parole, Division of Family Services, and the Federal Soldiers' Home and in the option of the Adjutant General to self-insure or purchase insurance for members of the National Guard when ordered to active state duty by the Governor. Enclosed is a copy of Opinion No. 72 dated February 23, 1971, to the Honorable Edna Eads, answering this question as it relates to the Division of Mental Health prior to the Reorganization Act. This opinion is still applicable to the Department of Mental Health, and the reasoning of the opinion is also applicable to the Division of Corrections, Division of Youth Services, Division of Probation and Parole, Division of Family Services, and the Federal Soldiers' Home. The opinion also applies to members of the Missouri Organized Militia when ordered to active state duty by the Governor since the Adjutant General, in 1967, exercised the statutory option and elected to self-insure under the provisions of Section 41.900, RSMo 1969. Sections 105.800 through105.830 would not affect the Adjutant General's right to exercise the option to self-insure or purchase insurance.
 II
Your second question reads as follows:
 "Has the passage and effects of the `Omnibus State Reorganization Act of 1974', (C.C.S.H.C. S.S.C.S. for S.B. No. 1, 77th General Assembly, 1st ExtraOrdinary Session) changed the statutory requirement of the above agencies to be self-insured?"
We believe that we have answered this question in our answer to question number one.
 III
Your third question reads as follows:
 "Can those state agencies which are required by law to be self-insured, self-insure their workmen's compensation liability to a certain limit and then purchase excess coverage through a private insurance carrier to pay the liability beyond the self-insured limit established?"
The requirement in each of Sections 202.024, 216.183, and207.070, RSMo 1969, that the state of Missouri shall be a self-insurer and assume all liability imposed by Chapter 287, RSMo, in respect to personnel of the division to which the section pertains, precludes any such limitation on liability of the state as a self-insurer, and we find no authority for the state to purchase insurance to cover any part of this liability. Therefore, our answer to this question is in the negative.
 IV
Your fourth question reads as follows:
 "May departments which elect to become self-insurer under 105.810 and 105.820, RSMo. 1969 insure with an insurance company any excess insurance coverage above the limit established to self-insure?"
Section 105.810 provides as follows:
 "The provisions of chapter 287, RSMo, governing workmen's compensation are extended to include all state employees. The state of Missouri shall have the option to become a self-insurer and assume all liability imposed by chapter 287, RSMo, or to purchase insurance in companies licensed to write workmen's compensation insurance in this state and if the state elects to self-insure, the attorney general shall appear on behalf of and defend the state in all actions brought by state employees under the provisions of the workmen's compensation law."
By the plain language of the statute, the state has two options only, either to assume all liability as a self-insurer or
to purchase insurance. We believe the legislature has clearly indicated that one of the two options will be chosen with no intermixture of the options. Accordingly, in answer to your question, there is no authority for excess insurance coverage.
Yours very truly,
 JOHN C. DANFORTH Attorney General
Enclosure: Op. No. 72 2-23-71, Eads